```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


MARTA STEWART o/b/o
JOHN STEWART, deceased,

                    Plaintiff,

vs.                                     Case No. 13-1396-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On August 10, 2012, administrative law judge (ALJ) John B. Langland issued his decision (R. at 21-30). Plaintiff alleges that he had been disabled since November 19, 2009 (R. at 21). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2014 (R. at

21).  At step one, the ALJ found that plaintiff did not engage in substantial gainful activity after the alleged onset date (R. at 23).  At step two, the ALJ found that plaintiff had a severe impairment of right shoulder injury (R. at 23).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 24).  After determining plaintiff's RFC (R. at 24), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 28).  At step five, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy (R. at 28-29).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 29-30).

**III.  Did the ALJ err by failing to include any mental limitations?**

At step two, the ALJ did not include any mental impairments.  He noted that plaintiff's widow testified that plaintiff had been diagnosed with bipolar disorder 20 years ago, but that there had been no recent treatment and the decedent was not taking medication for this condition prior to his death. The ALJ found that, in the absence of objective documentation, the undersigned finds that the existence of bipolar disorder has not been medically determined (R. at 23-24).

After the ALJ decision, plaintiff submitted additional records to the Appeals Council, which the Appeals Council made

part of the record (R. at 38-39). The additional records show that plaintiff was admitted to St. Francis Medical Center on August 21, 1993 complaining of depression and suicidal feelings. He was discharged on September 7, 1993. He was diagnosed with bipolar disorder and personality disorder (R. at 434). On the evening of July 9, 2012, plaintiff committed suicide (R. at 454). The Appeals Council considered the new evidence, but concluded that it did not provide a basis for changing the ALJ decision (R. at 35-36).

The court must consider the qualifying new evidence submitted to the Appeals Council when evaluating the Commissioner's denial of benefits under the substantial evidence standard. Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). The court will examine both the ALJ's decision and the additional findings of the Appeals Council. This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence. O'Dell, 44 F.3d at 859. The district court's very task is to determine whether the qualifying new evidence upsets the ALJ's disability determination, Martinez v. Astrue, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010), or whether the new evidence

submitted to the Appeals Council provides a basis for changing the ALJ's decision.  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

Admittedly, plaintiff has provided evidence of showing the diagnosis of bipolar disorder and personality disorder in 1993, over 16 years before plaintiff alleged disability beginning November 19, 2009.  However, the evidence provided by the plaintiff does not indicate that plaintiff had a medically determinable mental impairment on or after the onset date in 2009.  Even if it could be assumed that plaintiff had a medically determinable mental impairment as of the alleged onset date, there is no evidence in the record that such an impairment resulted in any limitations that should have been included in plaintiff's RFC.  The court finds that the new evidence submitted to the Appeals Council does not provide a basis for changing the ALJ's decision.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 24th day of March, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge